UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRENTON LOVELL REED,**

    **Petitioner,**

                      CASE NO. 8:09-CV-290-T-17EAJ
                                8:07-CR-107-T-17EAJ

v.

**UNITED STATES OF AMERICA,**

    **Respondent.**
_____/

## ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE, PURSUANT TO 28 U.S.C. §2255

This cause is before the Court on Brenton Lovell Reed's ("Reed") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255(Cv. Doc. 1; Cr. Doc. 182) and Reed's memorandum in support of the motion to vacate. (Cv. Doc. 2)[1] On May 13, 2009, the Government filed a Response. (Cv. Doc. 10) Reed did not file a reply to the Government's response.

### BACKGROUND

At some point before March 23, 2007, law enforcement officers discovered that Reed and a co-defendant had arranged to purchase three kilograms of cocaine. (Cr. Doc. 74 at 15) On March 23, 2007, Reed met with an undercover agent in Sarasota to effectuate the sale of the cocaine. *Id.* Agents and detectives

---

[1] Citations to the civil case are indicated by "Cv. Doc." followed the number of the document. Citations to the criminal case are indicated by "Cr. Doc." followed by the number of that document.

observed Reed show the undercover agent an amount of money and follow the undercover agent to a storage facility to purchase the drugs. (*Id.* at 15-16) Once the exchange was complete, Reed and a co-defendant were arrested at the storage facility.

In March 2007, a grand jury for the Middle District of Florida returned an indictment charging Reed and three other individuals with one count: knowingly and willfully combining, conspiring and agreeing with each other and with other persons to possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, U.S.C. §846 and §841(b)(1)(B)(ii). (Cr. Doc. 10)

On August 9, 2007, Reed pled guilty, pursuant to a written plea agreement,[2] to conspiracy to possess with the intent to distribute 500 grams or more of cocaine. (Cr. Doc. 184 at 30) During the change of plea hearing, the Court addressed the elements of the offenses, the penalties, and the factual basis

---

[2] The plea agreement contained an appeal waiver that read:

The Defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guideline range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the Government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742 (b), then the defendant is released from his waiver and may appeal the sentences as authorized by Title 18, United States Code, Section 3742(a).

necessary to prove the charges. (*Id.* at 27-29) Reed agreed that the Government could prove these facts:

> COURT: In order to prove you guilty of this conspiracy, the Government has to show two things. First of all, that a conspiracy existed. To show that a conspiracy existed, the Government has to show that two or more people somehow came to a mutual agreement to try to accomplish a common and unlawful plan as charged in the Indictment.
>
> The Government would have to show that you, the defendant then knowingly and willfully became a member of that conspiracy, which as charged was a conspiracy to possess with intent to distribute 500 grams or more of a substance containing a detectable amount of cocaine. So do you understand what these things mean, sir?
>
> REED: Yes ma'am.
>
> COURT: Thank you. Did you hear the facts relating to this sir?
>
> REED: Yes, ma'am.
>
> COURT: Do you have any disagreement regarding these facts?
>
> REED: Yeah, I understand.
>
> COURT: Okay. Any -- any disagreement with those facts?
>
> REED: No, ma'am.
>
> COURT: Are those facts true?
>
> REED: Yes, ma'am

(*Id.* at 27 and 29-30)

At the guilty plea hearing, the Court fully reviewed the provisions in Reed's plea agreement. (Cr. Doc. 184. at 17-19) Reed agreed he was entering this plea voluntarily:

3

COURT: Does this plea agreement contain all the promises or understandings that have led you to plead guilty?

REED: Yes, ma'am.

COURT: Is there anything in your plea agreement -- is there anything in the plea agreement - I'm sorry. Is there anything that the Government has promised you to get you to plead guilty which is not in the plea agreement?

REED: No, ma'am.

COURT: In other words any promises outside the plea agreement?

REED: No, ma'am.

COURT: Has anybody threatened you in any way to get you to plead guilty?

REED: No, ma'am.

. . . .

COURT: At this point do you have any questions at all about the consequences of your guilty plea or the rights you're giving up?

REED: No, ma'am.

COURT: How do you want to plead to the charge in Count I of the indictment, guilty or not guilty?

REED: Guilty.

COURT: Is that because you are guilty of this crime, sir?

REED: Yes, ma'am.

> COURT: All right. I found -- find that Mr. Reed is knowing, intelligent, and voluntary in terms of his guilty plea. That he's competent. That there's an independent basis in fact for each essential element.

(*Id.* at 19 and 30)

At the sentencing hearing, probation recommended a guideline imprisonment range of 188 to 235 months. (Cr. Doc. 183 at 10) In mitigation, Reed's counsel argued that Reed's legal problems could be attributed to his difficult childhood. (*Id.* at 15-20) The Court noted in overruling the objections that "there are a lot of people that get bad breaks that don't do what you do." (*Id.* at 26) The Court sentenced Reed to 188 months imprisonment and entered judgment on March 11, 2008. (Cr. Doc. 155) Reed did not appeal the conviction.

On February 17, 2009, Reed timely filed the present 28 U.S.C. § 2255 motion to vacate, set aside, or correct his allegedly illegal sentence. Reed asserts that the failure of his counsel to present mitigating circumstances at the sentencing hearing constitutes ineffective assistance of counsel. (Cv. Doc. 1 at 4) Further, Reed asserts that the Court wrongly enhanced his sentence for possession of a firearm and the Court's doing so allegedly violated his Second Amendment rights. (Cv. Doc. 1 at 5; Cr. Doc. 182 at 5) Additionally, Reed claims the Court violated his Eighth Amendment rights by imposing an excessive sentence in his case. (Cv. Doc. 1 at 7)

## DISCUSSION

### Ground One

Reed claims that his counsel was ineffective during sentencing. Reed bases his argument on his counsel's decision not to introduce mitigating factors that would have resulted in a sentence reduction. Reed's claim has no merit.

### Standard of Review for Ineffective Assistance of Counsel

A lawyer is presumed to be competent to assist a defendant and the burden is on the defendant to demonstrate that his lawyer has been ineffective. *United States v. Chronic*, 466 U.S. 648, 658 (1984) A conviction will be vacated on ineffective assistance of counsel grounds if the defendant can prove (1) that counsel's performance fell below an objective standard of reasonable professional assistance, and (2) the defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687,694 (1984) A defendant is required to prove both prongs of the *Strickland* test and a failure to prove one will result in a rejection of the claim. *Id.* at 697.

A counsel's performance is deficient if, given all the circumstances, his performance falls outside of accepted professional conduct. *Strickland*, 466 U.S. at 690. "Judicial scrutiny of counsel's performance must be highly deferential," and "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might

be considered sound trial strategy." *Chandler v. United States*, 218 F.3d 1305, 1313-14 (11th Cir. 2000)(quoting *Strickland*, 466 U.S. at 689 and *Darden v. Wainwright*, 477 U.S. 168, 186 (1986)) Where a record is incomplete or unclear, counsel's actions are presumed to be an exercise of reasonable professional judgment. *Chandler*, 218 F.3d at 1315 n.15

## Analysis

Reed does not proffer any factual or legal bases to support his claim except an alleged promise made to him by his counsel that factors would be presented "which would result in a sentence that would not result in spending the remainder of his productive life in prison." (Cv. Doc. 1 at 4) During the sentencing proceeding, Reed's counsel presented information in mitigation of Reed's sentence and argued pursuant to the 3553 factors. Counsel sought a sentence of five years imprisonment. (Cr. Doc. 183 at 15-20)

Specifically, counsel introduced mitigating factors that highlighted the difficulties in Reed's early life:

Counsel: His father was a heroin addict. Died in prison. Wasn't really around. His mother a schizophrenic partly because her mom in turn beat her when she was a child.

Obviously had a fair amount of low self -- I mean fairly low self esteem in school. You know, the bad eye. The fact that he was educationally

7

>               slow to begin with. So slow, in fact,
>               that he got social security benefits
>               for disability.
>
>               Dropped out of school in tenth grade.
>               Didn't have -- didn't have a male --
>               real positive male -- positive role
>               model, anything like that, this child
>               essentially without a whole lot of
>               education, no one to guide him.

(*Id.* at 16)

Reed's counsel introduced factors related to the potential hardship a long sentence would impose on Reed's children. (*Id.* at 18) Counsel exercised reasonable professional judgment and strategy. Even if Reed could show that his counsel's performance fell below an objective standard of reasonable professional assistance, Reed cannot meet the prejudice prong of *Strickland* because Reed cannot show that counsel's action or inaction affected the outcome of his sentencing.

In sentencing Reed, the Court took into account medical and family related problems that contributed to his early childhood difficulties. Even if counsel had introduced additional mitigating factors, there is no indication that the Court would have sentenced Reed differently. The Court noted at the sentencing hearing, "you've got a bad record" which seems to be "just getting worse as you're getting older." (Cr. Doc. 183 at 24 and 26)

The lack of additional mitigating factors was not detrimental to Reed during sentencing and, therefore, did not prejudice him. Consequently, Reed's ineffective assistance of counsel claim does not warrant relief.

**Ground Two**

Reed claims the Court wrongly enhanced his sentence for possession of a firearm. (Cv. Doc. 1 at 5; Cr. Doc. 182 at 5) He bases his claim on allegations that he was unaware of a co-conspirator being in possession of a gun. (Cr. Doc. 182 at 7) Additionally, Reed claims it is illegal to impose a sentencing enhancement for possession of a firearm since he was not charged with a firearm. Ground two has no merit.

Analysis

There is a frequent and overpowering connection between the use of firearms and narcotics traffic. *U.S. v. Pham*, 463 F.3d 1239, 1246 (11th Cir. 2006) According to the commentary of USSG 2D1.1, a two-level increase should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG §2D1.1, comment. (n.3) The Government has the burden to demonstrate the proximity of the firearm to the site of the charged offense by a preponderance of the evidence." *U.S. v. Audain*, 254 F.3d 1286, 1289 (11th Cir. 2001) The Eleventh Circuit has stated that "conspiracy members are to receive sentencing enhancements on the basis of all

reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." *U.S. v. Suarez*, 313 F.3d 1287, 1294 (11th Cir. 2002) Additionally, this Circuit noted that the section 2D1.1(b)(1) enhancement applies when a co-conspirator possessed a firearm. See *U.S. v. Fields*, 408 F.3d 1356, 1359 (11th Cir. 2005) The enhancement applies based on possession by a co-conspirator when the Government establishes by a preponderance of the evidence that 1) the possessor of the firearm was a co-conspirator, 2) the possession was in furtherance of the conspiracy, 3) the defendant was a member of the conspiracy at the time of possession, and 4) the co-conspirator possession was reasonably foreseeable by the defendant. *Id*.

Pursuant to the reasoning in the *Fields* case, although Reed was not charged with possession of a firearm, his sentence was correctly enhanced because two of his co-conspirators possessed firearms. Ground two does not warrant relief.

### Ground Three

Reed claims the Court violated his Eighth Amendment rights by imposing an excessive sentence in his case. (Cv. Doc. 1 at 7) Reed bases his claim on the assertion that imposing this sentence "will incarcerate him for the rest of his productive life." *Id*. Reed's excessive sentence claim is meritless.

## Analysis

The Eighth Amendment provides that excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted. Accordingly, for there to be an excessive sentence, a court "must make a threshold determination that the sentence imposed is grossly disproportionate to the offense committed." *U.S. v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006) "In reviewing a sentence to determine that the sentence imposed is grossly disproportionate, the defendant has the burden of making that showing." *Id.* If the defendant fails to satisfy the burden of showing that his sentence is disproportionate in relation to the gravity of his offense, the court will find that there has been no excessive sentence. On the other hand, if the defendant does show that the sentence is grossly disproportionate, the court must then consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions. *Id.*

In the instant case, Reed fails to satisfy the burden of establishing that his sentence is disproportionate to the offense. Reed does not even assert that his 188 month sentence is grossly disproportionate for his crime of possessing with the intent to distribute more than 500 grams of cocaine. Although the Eighth Amendment encompasses a narrow proportionality

11

principle in non-capital cases, see *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003), it "does not require strict proportionality between crime and sentence[,] [r]ather it forbids only extreme sentences that are grossly disproportionate to the crime[,]" *Harmelin v. Michigan*, 501 U.S. 957, 1001-05 (1991) (Kennedy, J., concurring) (citation and internal quotation marks omitted) Accordingly, this disproportionality principle applies only in the exceedingly rare and extreme case. *Lockyer*, 538 U.S. at 73, 77; *Ewing v. California*, 538 U.S. 11, 20 (2003); *Harmelin*, 501 U.S. at 1001, 1005 (Kennedy, J., concurring); *Johnson*, 451 F.3d at 1242-43; *U.S. v. Moriarty*, 429 F.3d 1012, 1024 (11th Cir. 2005)

Reed has a lengthy criminal history. As the Court noted in addressing Reed at sentencing, he has prior convictions for possession and sale of cocaine, driving with a suspended license, resisting an officer without violence, fleeing and alluding, reckless driving, permitting an unauthorized minor to drive a car, domestic battery, trespassing after a warning, burglary, and more of the same. The Court pointed out to Reed that he has not learned from his prior convictions and his criminal record is just getting worse as he gets older. The Court concluded that it could not agree with his counsel for a low sentence, and sentenced Reed to 188 months (the low end of

the guidelines range of 188-235 months), stating this is a reasonable sentence for his crimes.

Therefore, because Reed has failed to demonstrate any cause or prejudice his claim is meritless and should be denied.

Having considered Reed's arguments, the Court orders:

That Reed's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (Cv. Doc. 1; Cr. Doc. 182) is **denied**. The Clerk is directed to enter judgment against Reed in the civil case and to close that case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of petition. 28 U.S.C. §2253 (c)(1) Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A COA may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at §2253 (c)(2) To make such a showing, the Defendant "must demonstrate that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) of that "the issues presented were "adequate to deserve encouragement to proceed

further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)) Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**ORDERED** in Chambers in Tampa, Florida, this 9th day of July, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Jeffrey Downing
Pro se: Brenton Lovell Reed